UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRAD R. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | 04-2009 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF KANKAKEE, KARLA FREEMAN, | ) | |
| JAN BOND, and CHRIS BOHLEN, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

The plaintiff, Brad R. Johnson ("Johnson"), commenced this action against the defendants for requiring him to obtain a rental license for his Kankakee house. Johnson, at all relevant times a professor at a university in South Carolina, considered the Kankakee house his primary residence although his job caused him to reside only temporarily in Kankakee. Johnson's wife and child resided at the Kankakee house while he was teaching.

Johnson also had several unrelated people who resided at the house with his wife and child. Johnson contends that these "housemates" contributed to the familial atmosphere of the household and shared expenses, including a portion of the mortgage and utilities.

In August 2003, the City of Kankakee ("the City") was informed that Johnson's home was being used as a rooming house. The City sent Johnson a letter informing him that the City's records indicated that his house was a rental property. The letter informed Johnson that the City's ordinance required rental dwellings to be licensed. Before he could obtain the license, however, the property would need to undergo an inspection during which Johnson or a designated manager/agent would need to be present.

Johnson did not allow the inspection or obtain a license, and he was issued a Notice of Violation ticket imposing a $50 fine. Johnson was informed that payment of the fine would not constitute abatement of the condition, and that if he failed to abate the condition he could be issued additional violation tickets. Johnson did not apply for a license, allow the house to be inspected, or pay the fine, and two more tickets were issued.

The City held an adjudication hearing on all three tickets. During the hearing, the City was interested in the narrow question of whether non-family members were living in Johnson's home and paying rent. Johnson was apparently eager to explain that the people in his home were not renters but were part of his household. Ultimately, Johnson was found guilty by an

1

Administrative Hearing Officer and ordered to pay $250 per citation plus costs.  Instead of appealing the decision, he commenced this suit.

The court granted summary judgment in favor of the defendants on all of Johnson's claims.  Johnson has filed two motions for reconsideration of the court's (1) denial of his motions to compel discovery; and (2) grant of summary judgment in favor of the defendants.

## ANALYSIS

"Motions for reconsideration generally are not encouraged."  *Wilson ex rel. Adams v. Cahokia School Dist. #187*, 470 F. Supp. 2d 897, 913 (S.D. Ill. 2007).  "Such motions should be brought and reviewed with the understanding that the Court's prior rulings are not intended as mere drafts, subject to revision and reconsideration at a litigant's pleasure. " *Wilson*, 470 F. Supp. 2d at 913.

> A motion to reconsider is appropriate where: the court has misunderstood a party; the court has made a decision outside the adversarial issues presented to the court by the parties; the court has made an error of apprehension (not of reasoning); a significant change in the law has occurred; or significant new facts have been discovered.

*Wilson*, 470 F. Supp. 2d at 913 (internal citations omitted).

### I.  Motions to compel discovery [#47, #48, #49, #50]

Johnson argues that the court erred in denying his motions to compel.  Specifically, he argues that the defendants could not rely on Federal Rule of Civil Procedure 33(e) [sic], Option to Produce Business Records, to fully and completely answer his interrogatories.  The relevant Rule is 33(d), which states, in pertinent part,

> Where the answer to an interrogatory may be derived or ascertained from the business records . . . of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records . . . and the burden is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies[.]

Fed. R. Civ. P. 33(d).

Johnson argued in his four motions to compel (filed separately, one for each defendant) that the defendants' offer to allow access to the City's Code Enforcement files in lieu of answering his interrogatories violates Rule 33(d).  In moving for reconsideration, Johnson does

not articulate *how* the court erred in its ruling other than as previously "stated in Plaintiff's motions to compel discovery and Plaintiff's associated memorandum." Apparently, Johnson expects the court to comb through his previously-filed documents, reevaluate each and every argument made at that time, and change its reasoning and ruling to favor Johnson.

Fed. R. Civ. P. 33(d) requires nothing beyond offering records for inspection in the same direct and economical manner as they would be to the party from whom they are sought; that is, the party cannot make inspection of the documents more cumbersome by withholding summaries or abstracts. Fed. R. Civ. P. 33 advisory committee's note (1980). Johnson was informed that the City did not have a database or any other compilation of records, and a City employee would have to sift through the City's Code Enforcement files, which would be just as easy for Johnson to do. Consequently, the defendants agreed to allow him access to the Code Enforcement files, by appointment, during regular business hours. This was all that Rule 33(d) required of the defendants.

The motion for reconsideration of the motions to compel [77] is denied.

## II.  Motions for summary judgment [#56, #59]

Johnson identifies six instances of the court's "clear legal error" when it granted the defendants' motion for summary judgment.

First, Johnson contends that the court erred in disregarding unsupported assertions from the complaint (purported to be fact on summary judgment) because his was a "Verified Complaint." Rule 56 requires a party opposing summary judgment to do more than "rest on mere allegations or denials of his pleadings." *United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1265 (7th Cir. 1990) (addressing allegations in verified complaint and affidavits summarizing complaint); *see also Puckett v. Soo Line R. Co.*, 897 F.2d 1423, 1425 (7th Cir. 1990) (finding reliance on allegations in complaint to be "wholly misplaced" at summary judgment).

Johnson also contends that the court erred when:

(2) the court stated that the Kankakee ordinance requiring him to obtain a license and permit an inspection did not touch on any constitutional concern because it touches on a variety of constitutional concerns (a) on its face and (b) as applied to his situation;

(3) the court concluded that the ordinance did not *ban* unrelated people from living together, because the license and inspection requirement unconstitutionally *burdens* their ability to do so;

(4) the court concluded that Johnson could not invoke the rights of other Kankakee residents because he had not shown an identity of interests with them;

3

(5) the court stated that Johnson couldn't show he was required to get a rental license because his wife and child lived in the house, because it was uncontested that four other unrelated people lived in the house with them; and

(6) the court concluded that selective enforcement of the ordinance was not unconstitutional.

Johnson cites no case law in support of these "clear legal errors." Consequently, the court views these arguments as an attempt to persuade the court to treat its summary judgment order as a "mere draft[], subject to revision and reconsideration at [his] pleasure." *Wilson*, 470 F. Supp. 2d at 913.

One of Johnson's arguments merits further discussion, however – that the court interposed itself as the trier of fact. The court concluded that Johnson could not show he was forced to get a rental license due to the presence of his wife and child. Johnson argues a trier of fact should have determined whether it was the presence of family versus the presence of four unrelated people that instigated the City's enforcement of the ordinance. He argues that defendant Karla Freeman issued the first ticket because a woman later identified as Johnson's wife lived in the home. However, there is no dispute that other unrelated people lived in the house at that time. Under those circumstances, it is immaterial whether Freeman was mistaken about the relationship between Johnson and one particular resident of the house. A trier of fact is not needed to resolve a dispute about an immaterial fact.

## CONCLUSION

For the foregoing reasons, Johnson's motions for reconsideration [77, 78] are denied.

Entered this 11th day of May, 2007.

                                        **s\Harold A. Baker**
                           _____
                                       HAROLD A. BAKER
                                 UNITED STATES DISTRICT JUDGE